IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK THELEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-cv-01015-JPG-SCW |
| | ) |
| LISA GREGORY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 90) of Magistrate Judge Stephen C. Williams with regard to defendant Esquibel's Motion (Doc. 57) to Dismiss; defendant Gregory's Motion (Doc. 58) to Dismiss; all Defendants' Motion (Doc. 59) for Summary for Failure to Exhaust as to Count IV; and defendant Hardin's Motion (Doc. 61) for Summary Judgment on Count I.  Plaintiff filed a timely objection to the R & R (Doc. 92) and the defendants filed a response (Doc. 95) to the objection.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).   The Court has received an objection from the plaintiff and will review *de novo* those portions of the report.

First, the Plaintiff states that he agrees and has no objection to the dismissal of Count IV and also with the R & R's recommendation that defendants Esquibel's and Gregory's motions to

dismiss be denied. The only objection that the plaintiff is putting forth is with regard to the recommendation that defendant Hardin's Motion for Summary Judgment be granted. As such, the court will only review *de novo* that portion of the R & R addressing defendant Hardin's motion and will review the remaining unobjected portions for clear error.

According to the complaint, Defendant Hardin is medical doctor who prescribed the anti-fungal medication Clotrimazole which the plaintiff states was ineffective in treating his infection. Plaintiff further states that Dr. Hardin had actual knowledge of the plaintiff's infection and refused to provide the plaintiff with effective and necessary medical treatment.

The R & R recommends that Dr. Hardin's Motion for Summary Judgment be granted because under 42 U.S.C. § 233(a), United States Public Health Service Officers are immune from suits brought pursuant to *Bivens*[1]. In order to exercise immunity, Dr. Hardin must be a "commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." 42 U.S.C. § 233(a).

The plaintiff admits that Dr. Hardin is a United States Public Health Service Officer; however, he argues that Dr. Hardin was not within the scope of his office or employment because he was not licensed to practice medicine within the State of Illinois. Plaintiff cites to 42 U.S.C. 233(h)(2)[2] which provides that the Secretary may not approve an application for a Public Health Service Officer unless the Secretary, "has reviewed and verified the professional credentials, references, claims history, fitness, professional review organization findings, and license status of its physician or other licensed or certified health care practitioners."

However, as noted by the defendant, a Public Health Service Officer is only required to maintain, "[a] current, unrestricted, and valid medical license from a U.S. State." There is no

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999 (1971).
[2] Plaintiff cited 42 U.S.C. 223(h)(2) which the Court assumes was intended to be 233(h)(2) from the content.

requirement that the state medical license be in the state – or for that matter – in each state in which the Public Health Service Officer is practicing. Dr. Hardin is licensed by the Tennessee Board of Medical Examiners and was so at the time of his treatment of the plaintiff. As such, he meets the requirements for a Public Health Service Officer and falls within the immunity provided by 42 U.S.C. § 233(a).

Finally, plaintiff argues that he was not permitted to conduct discovery with regard to Dr. Hardin's licensing. As the defendant has attached a copy of the letter from the Tennessee Board of medical Examiners demonstrating Dr. Hardin's license number, date of issue, expiration date, and license status. Therefore, any further discovery on this issue would be futile.

The Court has reviewed Dr. Hardin's Motion for Summary Judgment *de novo* and finds that Dr. Hardin falls within the immunity provided by 42 U.S.C. § 233(a). The Court further finds that the unobjected to portions of the R & R are not clearly erroneous. Therefore, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 90) in its entirety. Defendants' Motion (Doc. 59) for Summary Judgment for Failure to Exhaust as to Count IV is **GRANTED** and Count IV is **DISMISSED** without prejudice. Defendant Hardin's Motion (Doc. 61) for Summary Judgment on Count I is **GRANTED** and Defendant Hardin is **DISMISSED** from Count I. Finally, Defendants Esquibel's and Gregory's Motions to Dismiss (Docs. 57 & 58) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 9/14/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**